Theodore Papas v. Commissioner.
Papas v. Commissioner
Docket No. 30666.
United States Tax Court
1951 Tax Ct. Memo LEXIS 176; 10 T.C.M. (CCH) 605; T.C.M. (RIA) 51196; June 28, 1951
*176 Nathan Willner, Esq., 17 State St., New York, N. Y., for the petitioner. Maurice E. Stark, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Respondent determined a deficiency in income tax for the year 1945 in the amount of $235.34, all of which is in controversy: The sole question is whether petitioner is entitled to two dependency deductions for the support of two sisters, who reside in Greece and are nationals of that country. All of the facts were stipulated. The stipulated facts are hereby found. They are as follows in their entirety: 1. That the petitioner resides in Peekskill, New York. 2. That the return for the year 1945 was filed in Albany 1, N. Y.
3. That a Notice of Deficiency was mailed to the petitioner on or about the 29th day of June, 1950. 4. That the deficiency as determined by the Commissioner is in income taxes for the calendar year 1945 in the amount of $235.34. 5. That Ann Anagostopoulou, age 67, and Betty Xedes, age 64, are sisters of the petitioner. In his 1945 income tax return petitioner claimed both of the above-named individuals as dependents under the names of Ann Anastopolis and Exedes Anastopolis. The correct *177 names of these sisters have been verified by an affidavit submitted by the petitioner. 6. During the year in question, Ann Anagostopoulou and Betty Xedes were citizens or subjects and residents of Greece. During this time they were forced to move from place to place within the country of Greece, in order to seek refuge from the Communists. 7. That during the year 1945, Ann Anagostopoulou and Betty Xedes had no income and petitioner transmitted to each of these sisters an amount in excess of $600.00 for their support. 8. To the best of his knowledge and belief the petitioner was the sole and only source of support of these sisters. Section 25 (b) (3), Internal Revenue Code, as added by Revenue Act of 1944, section 10 (b) (3), is dispositive of the case. It contains the following language: "* * * The term 'dependent' does not include any individual who is a citizen or subject of a foreign country unless such individual is a resident of the United States or of a country contiguous to the United States." The statute is completely unambiguous and it is not in fact contended otherwise. But even if resort is had to the legislative history, no different conclusion *178 can be reached. Isak S. Gitter, 13 T.C. 520. Petitioner's situation falls squarely within the statutory language. Astley v. Rogan (D.C., S.D., Cal.), 32 A.F.T.R. 1603, involved years prior to the effective date of the 1944 amendment; and cf Morrell v. Commissioner (C.A. 3), 107 Fed. (2d) 34. We are unable to find any error in respondent's determination. Decision will be entered for the respondent.